**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWMARK PIONEER, LLC, et al., : | |
| : | CIVIL ACTION NO. 11-376 (MLC) |
| Plaintiffs, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| DATA TRACE INFORMATION : | |
| SOLUTIONS, LLC, et al., : | |
| : | |
| Defendants. : | |

**COOPER, District Judge**

Plaintiffs, Newmark Pioneer, LLC ("Newmark Pioneer") and Mark Botros ("Botros") (collectively, "Plaintiffs"), commenced this action in state court against defendants, Data Trace Information Services, LLC (incorrectly named as Data Trace Information Solutions, LLC) ("Data Trace"), Signature Information Solutions, LLC ("SIS"), and Cortes & Hay, Inc. ("Cortes & Hay"), alleging various state law claims for, <u>inter</u> <u>alia</u>, negligence, breach of contract, and breach of warranty. (Dkt. entry no. 1, Rmv. Not. at 1 & Ex. 1, Compl.)  Defendants removed the action, alleging that removal was proper pursuant to 28 U.S.C. § ("Section") 1441 because federal question jurisdiction exists under Section 1331.  (Rmv. Not.)

Cortes & Hay were voluntarily dismissed from the action without prejudice.  (Dkt. entry no. 7, 3-1-11 Order.)  Data Trace and SIS ("Defendants") move for summary judgment in their favor. (Dkt. entry no. 12, Def. Mot. for Summ. J.)  Plaintiffs

apparently cross-move for summary judgment in their favor, though the Proposed Order filed with the cross motion makes no reference to entry of judgment in Plaintiffs' favor, but rather seeks denial of Defendants' motion.  (Dkt. entry no. 15, Pl. Cross Mot. & Proposed Order.)  Plaintiffs also separately oppose Defendants' motion for summary judgment.  (Dkt. entry no. 17, Pl. Opp'n.)

The Court has considered the parties' moving papers, as well as the Notice of Removal, and finds that the Court lacks subject matter jurisdiction over this action.  Removal based on jurisdiction under Section 1331 was improper, due to the lack of a federal question in Plaintiffs' well-pleaded complaint.  Accordingly, the Court may not reach the merits of the motion and cross motion.  We will (1) sua sponte consider the issue of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and (2) remand the action to state court.  See 28 U.S.C. § 1447(c).

### BACKGROUND

Botros is the principal owner and member of Newmark Pioneer. (Compl. at ¶ 2.)  In July 2005, Botros purchased a commercial property known as 105 Manheim Avenue in Bridgeton, New Jersey (the "property").  (Id. at ¶ 6.)  Botros assigned the contract for the sale of the property to Newmark Pioneer prior to closing. (Id.)  In preparation for the closing, Plaintiffs hired Cortes & Hay "to perform a search of [the] property . . . including a

2

flood hazard determination search." (Id. at ¶ 7.) Cortes & Hay sub-contracted with Data Trace to perform the flood hazard determination search. (Id. at ¶ 8.) Data Trace "issued a Flood Hazard Certificate which stated that the property . . . was not in a special flood hazard area." (Id. at ¶ 9.)

Plaintiffs again hired Cortes & Hay "to perform an updated search of the subject property, including a flood hazard determination search," in August 2009 in association with a refinancing of the mortgage on the property. (Id. at ¶ 14.) This updated flood hazard determination search resulted in the issuance of a Flood Hazard Certificate indicating that the property "was partially affected by the special flood hazard and a survey was needed." (Id. at ¶ 16.) On August 26, 2009, a Flood Hazard Certificate was issued, indicating that the property "was located in an A1 flood zone." (Id. at ¶ 17.) This determination was confirmed by an elevation survey conducted in September 2009. (Id. at ¶ 19.)

Plaintiffs allege that the "flood hazard determination search" done by Data Trace was "false, misleading and inaccurate." (Id. at ¶ 20.) They seek to recover against Defendants under common law tort and contract theories: negligence (count 1), material misrepresentation and respondeat superior (count 2), breach of contract (count 3), breach of warranty (count 4), detrimental reliance (count 5), and reckless indifference (count 6). (See generally Compl.)

3

Defendants contend that the "Flood Hazard Certificate" alleged in the Complaint to have been prepared by Data Trace refers to a "Special Flood Hazard Determination" form ("SFHD") designated as "FEMA Form 81-93." (Dkt. entry no. 12, Def. Br. at 3.) Defendants state that "[a]ll six counts of the plaintiffs' complaint plead reliance upon a particular SFHD prepared and issued by Data Trace." (Id.) Defendants' arguments in favor of summary judgment are as follows: (1) Plaintiffs lack standing to sue; (2) Plaintiffs' claims are preempted by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 et seq.; (3) Plaintiffs have no private right of action based on the SFHD prepared by Data Trace; (4) principles of federalism dictate that Plaintiffs have no common law rights of action; and (5) Plaintiffs' alleged reliance on the SFHD "is illusory because the purchase contract's due diligence time already expired before Cortes & Hay requested the Data Trace SFHD." (Def. Br. at 8-9.)

## ANALYSIS

Federal courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Where, as here, a defendant removes an action to federal court pursuant to Section 1441, the removing party bears the burden of demonstrating the existence of federal subject matter over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); see 28 U.S.C. § 1441(a) (permitting removal

of "any action brought in a State court of which the district courts of the United States have original jurisdiction").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendants contend that federal question jurisdiction exists pursuant to Section 1331 "because Plaintiffs' claims are governed entirely by the [NFIA].  Plaintiffs' assertion of implied rights of action that do not exist under the NFIA and [sic] may present issues of first impression for this federal district."  (Rmv. Not. at ¶ 8.)  Defendants thus contend that the Court "has original jurisdiction over this action . . . because this suit arises under the laws of the United States (42 U.S.C. § 4001-4129 [sic])."  (Id. at ¶ 13.)  Plaintiffs respond that the Complaint "does not seek redress under the [NFIA], but rather bases the claims on state common-law contract and tort theories."  (Pl. Opp'n at 9.)  Although Plaintiffs do not expressly seek remand for lack of subject matter jurisdiction, they do observe that Defendants' removal "was predicated on an attempt to frame the issue as a federal question when in fact, the plaintiffs [sic] causes of action are based on state common-law contract and tort theories."  (Id. at 10.)

Defendants' asserted basis for removal would contravene the familiar and well-settled "well-pleaded complaint" rule.  Federal

5

question jurisdiction will lie only if the complaint pleads a federal cause of action.  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); see also Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").  "The presence or absence of a federal question is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The well-pleaded complaint rule limits the jurisdictional inquiry to the claims and theories asserted in the complaint, and absent a federal question on the face of the complaint, jurisdiction will not lie even if a defense to state law claims relies on federal law.  Franchise Tax Bd. of Cal. v. Constr. Laborers Trust, 463 U.S. 1, 12 (1983) (providing that a case may not be removed to federal court on the basis of a federal preemption defense, even if the defense is anticipated in the complaint and both parties concede that the federal defense is the only question truly at issue); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152-53 (1908) ("[A] suit arises under [federal law] only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or

[the] Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by [federal law]."). An exception to this rule exists for "complete preemption," where a "federal statute completely pre-empts the state-law cause of action," so that "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat'l Bank, 539 U.S. at 8.

The Complaint does not allege any cause of action arising under federal law. It does not appear that resolution of Plaintiffs' claims necessarily would involve a finding that Defendants "violated" the NFIA, per se, such that Plaintiffs' claims could be said to "necessarily raise a stated federal issue, actually disputed and substantial." See Probola v. Long & Foster Real Estate, Inc., No. 11-6334, 2012 WL 194955, at *4 (D.N.J. Jan. 23, 2012) (rejecting defendants' assertion that plaintiffs' claim was necessarily dependent upon a determination of a federal law, even where "Plaintiffs cite federal statutes, federal district court opinions, federal regulations, and federal interpretations of federal regulations in support of their purported state-law claims," and remanding action for lack of federal question jurisdiction under Section 1331).

Any suggestion by Defendants that the complete preemption exception to the well-pleaded complaint rule applies here would

be futile in light of their assertion that "Plaintiffs have no private right of action upon the defendants' SFHDs." (Def. Br. at 8.) See Thorp v. Centura Bank, 200 F.Supp.2d 559, 560 (E.D.N.C. 2001) (remanding action where parties agreed that plaintiffs would not have a private cause of action under the NFIA "to redress the wrongs that Plaintiffs allege in their Complaint" and claims all arose under state law).

    Defendants argue that "Plaintiffs' lawsuit is not about the necessity (or not) of [statutory] 'forced placed' flood insurance. Plaintiffs' lawsuit is not about flood damage to plaintiffs' property. Plaintiffs' lawsuit concerns plaintiffs' claim of having negotiated too high a purchase price when buying the property in 2005–allegedly in reliance upon the Data Trace SFHD." (Def. Br. at 7.) The Court agrees that on its face, the Complaint alleges only state law claims sounding in tort and contract based on Plaintiffs' alleged reliance on the form at issue. This distinguishes Plaintiffs' case from a situation where the complete preemption doctrine might provide a basis for federal jurisdiction. That exception applies only when a plaintiff pleads state law claims that should have been brought as federal claims under a federal statute that completely preempts the state law claims. See, e.g., Silverman v. Verrelli, No. 11-6576, 2012 WL 395665, at *5 (D.N.J. Feb. 7, 2012) (denying motion to remand where plaintiff's claims for defamation, false

light, and invasion of privacy were completely preempted by the federal Labor Management Relations Act ("LMRA"), because under the facts alleged, those state law claims "must be deemed to arise under" the LMRA's private cause of action).

The Silverman court noted that the "extraordinary complete preemption doctrine" has been recognized "in only a few areas of the law," including the LMRA, certain claims for benefits under Section 502(a) of the Employee Retirement Income Security Act of 1974, and tort actions arising out of nuclear accidents expressly subject to removal under the Price-Anderson Act. Id. at *5 (citing Beneficial Nat'l Bank, 539 U.S. at 6-7, and Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists & Aerospace Workers, 390 U.S. 557, 560-61 (1968)).  Defendants' contention that no federal private cause of action exists for Plaintiffs to pursue their claims thus precludes any viability of the complete preemption exception to the well-pleaded complaint rule in this instance.  Cf. Tenet Health Sys. Phila., Inc. v. Diversified Admin. Corp., No. 07-4948, 2012 WL 1548931, at *4 (E.D. Pa. May 2, 2012) ("Plaintiff's claims are not completely preempted because it does not have standing to bring a claim under section 502(a)" of ERISA, such that removal to federal court was improper).

Defendants' preemption and standing arguments are mere defenses to Plaintiffs' state law claims, and do not create federal subject matter jurisdiction in the face of Plaintiffs'

9

well-pleaded complaint.  See Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law.").  Questions such as whether Plaintiffs have standing,  whether Plaintiffs were "the intended beneficiary of the SFHD" and whether "Plaintiffs' alleged reliance on the SFHD is illusory because the purchase contract's due diligence time already expired before Cortes & Hay requested the SFHD" may be resolved by the state court.  (Pl. Opp'n at 12; Def. Br. at 9.)

It appears that the parties are nondiverse, precluding jurisdiction under Section 1332.  (Dkt. entry no. 16, Br. Supp. Pl. Mot. for Summ. J. at 4 (stating that Newmark Pioneer, Data Trace, and SIS are all New Jersey citizens).)  Because the Court lacks subject matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447; In re Orthopedic Bone Screw Prods. Liability Litig., 132 F.3d 152, 155 (3d Cir. 1997) ("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed.  If it was removed from state court, it must be remanded.").

## CONCLUSION

For the reasons discussed supra, the Court will sua sponte remand the action to New Jersey Superior Court, Somerset County.

The Court will deny without prejudice the pending motion and cross motion.  The Court will issue an appropriate Order and Judgment.

						s/ Mary L. Cooper
						**MARY L. COOPER**
						United States District Judge

Dated:	May 21, 2012